UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No:  1:18-cv-301 |
| ) | |
| FOUR PLS MONEY ORDERS TOTALING ) | |
| $10,000, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT OF FORFEITURE IN REM**

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, and Debra G. Richards, Assistant United States Attorney, alleges on information and belief as follows:

NATURE OF THE ACTION

1. This is a civil action seeking forfeiture of certain property pursuant to 21 U.S.C. § 881(a)(6) because the Defendant Property constitutes proceeds of, or is property used to facilitate a violation of, the Controlled Substance Act.

JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345 (district courts have original jurisdiction of all civil actions commenced by the United States) and § 1355 (district courts have original jurisdiction of any action for forfeiture).

3. This Court has in rem jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b) (forfeiture action can be brought in district in which any of the acts giving rise to the forfeiture occurred), and Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or

Maritime Claims and Asset Forfeiture Actions (clerk must issue a warrant to arrest property in the government's possession).

4. This Court is the appropriate venue in this matter pursuant to 28 U.S.C. § 1395(a) and (b), in that the forfeiture accrued in the Southern District of Indiana, and the defendant is now, and during the pendency of this action will be, found within the Southern District of Indiana.

## DEFENDANT

5. The Defendant is Four Money Orders Totaling $10,000 (hereinafter the "Money Orders"), seized by the United States Postal Inspection Service on August 24, 2017, from a package addressed to Michelle Smith, 259 N. Capitol Ave., Apt # 291, San Jose, CA 95127, bearing a return address of Jasmine Johnson, 3749 N. Dearborn St., Indianapolis, IN 46218, TX # 317-610-6504. The Money Orders were assigned Asset Identification Number: 17-USP-002061.

6. The Money Orders were seized at a United States Post Office located in Indianapolis, Indiana, and is now in the custody of the United States Postal Inspection Service ("USPIS").

## FACTS

7. On or around August 24, 2017, a package was mailed by Express Mail in a USPS Priority Mail Express Box, weighing approximately 3 lb. and 15.2 oz., with a parcel number of EL427738881US (the "Parcel" or "Parcel 881US") from a United States Post Office in the 46220 zip code of Indianapolis, Indiana. The Parcel was addressed to Michelle Smith, 259 N. Capitol Ave., Apt # 291, San Jose, CA 95127, with a return address of Jasmine Johnson, 3749 N. Dearborn St., Indianapolis, IN 46218, TX # 317-610-6504.

8. On August 24, 2017, during a routine outbound parcel interdiction, agents of the United States Postal Inspection Service identified Parcel 881US as suspicious because it met several characteristics that have been identified as those indicating usage of the United States Mail Service by narcotics traffickers. For instance, the Parcel was being mailed to a state known to be a source for the importation of controlled substances; a check of certain databases indicated that the Parcel receiver was unknown at the delivery address; the label was handwritten; the zip code from which the package was mailed was different from the zip code listed on the return address portion of the label; and the parcel did not have a business account number. No telephone number was provided for the Parcel receiver, and the package label was filled out indicating no signature was required when delivered, allowing the receiver of the Parcel to remain anonymous.



9. A check of the delivery address provided on the parcel indicated that the name of Michelle Smith was not associated with the delivery address. The name receiving mail at that address is Michelle Espino, according to the post office that delivers to the zip code.

10. A check of the return address provided on the parcel indicated that the name of Jasmine Johnson was associated with the return address. Other names receiving mail at this address, per the post office that delivers to the zip code, including Julia Benson, Bradley Benson and Cory T. Benson.

11. On August 24, 2017, USPIS Postal Inspectors telephoned the number on the parcel for Jasmine Johnson to speak to her with regards to Parcel 881US. Johnson confirmed that she was the shipper of Parcel 881US. She stated that she was mailing clothes and an envelope with money for a birthday gift. The Inspectors identified themselves as law enforcement and asked Johnson if she would provide consent to verify the contents of Parcel 881US. Johnson provided them with verbal consent, and the call was terminated.

12. Pursuant to Johnson's consent, Postal Inspectors opened the Parcel. When opening the Parcel, Inspectors immediately detected a strong odor of marijuana coming from within the Parcel. In the Parcel, they found an unwrapped Macy's box containing a pair of boy's shorts and a t-shirt wrapped in tissue paper. Also in the box was a manila envelope. Within the envelope were several blank forms and four PLS money orders made out for $2,500.00 each, totaling $10,000.00. The Money Orders were not made payable to any person or entity and were dated different dates.   No notes, receipts, cards or instructions were found in the Parcel.

Case 1:18-cv-00301-WTL-TAB   Document 1   Filed 02/01/18   Page 5 of 10 PageID #: 5





13. Inspectors again called Johnson at the telephone number on the Parcel to discuss the contents of Parcel 881US. Johnson stated the clothes were a birthday gift she was sending to California. When she was asked who the intended recipient of the Parcel was, Johnson stated that she was given the address and information to ship the Parcel to and did not know the recipient or nephew to whom she was shipping the gift. She further stated that when she inquired about the contents of the envelope, she was told by the person actually sending it, that it had to get to California ASAP and the documents were court documents. She assumed they were involved with the shipment. When Inspectors questioned her about the strong odor of marijuana coming from the parcel and its contents, she said, "he is a smoker, and the car had a

lot of marijuana smoke," which would explain the smell. Johnson agreed to speak further at a later time to law enforcement.

14. Narcotics traffickers know that United States First Class Mail, especially Express and/or Priority Mail, is protected from inspection without a Federal search warrant. Traffickers know that they can track parcels, control dispatch times and locations, and have a guarantee of delivery in one or more business days by using Express and/or Priority Mail. They know that any delay may indicate a compromised parcel.

15. Traffickers will often package the contents in a layered manner in an attempt to avoid detection by trained narcotics sniffing canines. The layered packaging appears to be an attempt to mask or prevent any odors from escaping. Traffickers rarely include any type of instruction with the proceeds. Legitimate businesses or personal gifts contain such notes, letters, receipts, cards or coupons along with the cash or monetary instruments.

16. Based on these facts, the USPIS initiated administrative forfeiture proceedings. On November 6, 2017, Michelle Smith filed a seized asset claim form as to the $10,000.00. Smith claimed that she was the "owner of the money" and then stated that, "My friend sent me a total of (4) money order each of $2,500 raped [sic] in clothing."

17. No other claims or petitions were received for the Defendant Money Orders.

18. Upon the filing of Smith's Claim, the USPIS transmitted the Claim to the United States Attorney for the purpose of initiating a judicial forfeiture action against the Defendant Property.

19. Smith has a prior criminal history in California. In 2006, she was convicted of theft by use of access card data; second degree burglary; receiving known stolen property; and forgery. In March 2011, she was convicted of petty theft.

20. On January 18, 2018, Johnson was interviewed in person by a United States Marshal Service Asset Forfeiture Financial Investigator, concerning the shipping of Parcel 881US and its contents.

21. Johnson confirmed that she had spoken with Postal Service Investigators about the Parcel and that she had given them permission to open the Parcel. When asked whether she had sent the Parcel as a gift, Johnson stated that the Parcel was not a gift from her. Johnson admitted that she was actually mailing the Parcel at the request of her friend "Rob." She stated that "Rob" had given her the package to mail because of his past difficulties in mailing packages. Johnson stated that she never saw the contents of the envelope. She indicated that "Rob" had transported her to the Post Office to mail the package. "Rob" chose the Post Office as it was near his storage unit where he keeps "property." The Inspector asked if Johnson believed that the "property" Rob was referring to meant "drugs" and Johnson answered "yes." Johnson stated that, based upon a conversation she overhead between "Rob" and a business partner in California, she believed the $10,000 in Money Orders was being shipped to California to replace "property" that was stolen from the storage unit.

22. Johnson repeatedly stated that she did not know Michelle Smith. She thought the ultimate intended recipient for the Money Orders was Rob's business partner, not Smith.

PERTINENT STATUTES

23. Under 21 U.S.C. § 841(a)(1), it is a federal crime for any person to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute or dispense a controlled substance.

24. Under 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished by any person in exchange for a controlled substance, and all proceeds traceable to such an

exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act, including 21 U.S.C. § 841(a)(1), shall be subject to forfeiture to the United States and no property right shall exist in them.

## PRAYER FOR RELIEF

Based on the factual allegations set forth above, there is probable cause to believe that the defendant currency is "moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance," and/or "proceeds traceable to such an exchange," and/or "moneys . . . used or intended to be used to facilitate any violation of [the Controlled Substances Act, 21 U.S.C. §801 *et seq.*]," and is therefore subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America prays that the Clerk of the Court issue a warrant for the arrest of the Defendant Property pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant property be forfeited to the United States for disposition according to law; and that the United States be granted any relief this Court may deem just and proper.

        Respectfully submitted,

        JOSH J. MINKLER
        United States Attorney

By:   *s/Debra G. Richards*
      Debra G. Richards
      Assistant United States Attorney
      Office of the United States Attorney
      10 W. Market St., Suite 2100
      Indianapolis, Indiana 46204-3048
      Telephone: (317) 226-6333
      Fax: (317) 226-5027

## VERIFICATION

I, DeMarkus Calhoun, hereby verify and declare under penalty of perjury that I am a U.S. Postal Inspector for the U.S. Postal Inspection Service ("USPIS"), that I have read the foregoing Verified Complaint in Rem and know the contents thereof, and that the matters contained in the Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief, and as to those matters I believe to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement offices, as well as my investigation of this case, together with others, as a U.S. Postal Inspector with the USPIS.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: 01/31/2018

DeMarkus G. Calhoun
U.S. Postal Inspection Service

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❒ 1 U.S. Government Plaintiff
- ❒ 2 U.S. Government Defendant
- ❒ 3 Federal Question *(U.S. Government Not a Party)*
- ❒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❒ 1 | ❒ 1 | Incorporated *or* Principal Place of Business In This State | ❒ 4 | ❒ 4 |
| Citizen of Another State | ❒ 2 | ❒ 2 | Incorporated *and* Principal Place of Business In Another State | ❒ 5 | ❒ 5 |
| Citizen or Subject of a Foreign Country | ❒ 3 | ❒ 3 | Foreign Nation | ❒ 6 | ❒ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❒ 625 Drug Related Seizure of Property 21 USC 881 | ❒ 422 Appeal 28 USC 158 | ❒ 375 False Claims Act |
| ❒ 120 Marine | ❒ 310 Airplane | ❒ 365 Personal Injury - Product Liability | ❒ 690 Other | ❒ 423 Withdrawal 28 USC 157 | ❒ 376 Qui Tam (31 USC 3729(a)) |
| ❒ 130 Miller Act | ❒ 315 Airplane Product Liability | ❒ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❒ 400 State Reapportionment |
| ❒ 140 Negotiable Instrument | ❒ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❒ 410 Antitrust |
| ❒ 150 Recovery of Overpayment & Enforcement of Judgment | ❒ 330 Federal Employers' Liability | | | ❒ 820 Copyrights | ❒ 430 Banks and Banking |
| ❒ 151 Medicare Act | ❒ 340 Marine | ❒ 368 Asbestos Personal Injury Product Liability | | ❒ 830 Patent | ❒ 450 Commerce |
| ❒ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❒ 345 Marine Product Liability | | | ❒ 835 Patent - Abbreviated New Drug Application | ❒ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ❒ 840 Trademark | ❒ 470 Racketeer Influenced and Corrupt Organizations |
| ❒ 153 Recovery of Overpayment of Veteran's Benefits | ❒ 350 Motor Vehicle | ❒ 370 Other Fraud | ❒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❒ 480 Consumer Credit |
| ❒ 160 Stockholders' Suits | ❒ 355 Motor Vehicle Product Liability | ❒ 371 Truth in Lending | ❒ 720 Labor/Management Relations | ❒ 861 HIA (1395ff) | ❒ 490 Cable/Sat TV |
| ❒ 190 Other Contract | ❒ 360 Other Personal Injury | ❒ 380 Other Personal Property Damage | ❒ 740 Railway Labor Act | ❒ 862 Black Lung (923) | ❒ 850 Securities/Commodities/ Exchange |
| ❒ 195 Contract Product Liability | ❒ 362 Personal Injury - Medical Malpractice | ❒ 385 Property Damage Product Liability | ❒ 751 Family and Medical Leave Act | ❒ 863 DIWC/DIWW (405(g)) | ❒ 890 Other Statutory Actions |
| ❒ 196 Franchise | | | ❒ 790 Other Labor Litigation | ❒ 864 SSID Title XVI | ❒ 891 Agricultural Acts |
| | | | ❒ 791 Employee Retirement Income Security Act | ❒ 865 RSI (405(g)) | ❒ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ❒ 895 Freedom of Information Act |
| ❒ 210 Land Condemnation | ❒ 440 Other Civil Rights | **Habeas Corpus:** | | ❒ 870 Taxes (U.S. Plaintiff or Defendant) | ❒ 896 Arbitration |
| ❒ 220 Foreclosure | ❒ 441 Voting | ❒ 463 Alien Detainee | | ❒ 871 IRS—Third Party 26 USC 7609 | ❒ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❒ 230 Rent Lease & Ejectment | ❒ 442 Employment | ❒ 510 Motions to Vacate Sentence | | | |
| ❒ 240 Torts to Land | ❒ 443 Housing/ Accommodations | ❒ 530 General | | | ❒ 950 Constitutionality of State Statutes |
| ❒ 245 Tort Product Liability | ❒ 445 Amer. w/Disabilities - Employment | ❒ 535 Death Penalty | **IMMIGRATION** | | |
| ❒ 290 All Other Real Property | ❒ 446 Amer. w/Disabilities - Other | **Other:** | ❒ 462 Naturalization Application | | |
| | ❒ 448 Education | ❒ 540 Mandamus & Other | ❒ 465 Other Immigration Actions | | |
| | | ❒ 550 Civil Rights | | | |
| | | ❒ 555 Prison Condition | | | |
| | | ❒ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❒ 1 Original Proceeding
- ❒ 2 Removed from State Court
- ❒ 3 Remanded from Appellate Court
- ❒ 4 Reinstated or Reopened
- ❒ 5 Transferred from Another District *(specify)*
- ❒ 6 Multidistrict Litigation - Transfer
- ❒ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND: ❒ Yes ❒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)  County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)  Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.  Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.  Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:18-cv-301 |
| ) | |
| FOUR PLS MONEY ORDERS TOTALING ) | |
| $10,000, ) | |
| ) | |
| Defendant. ) | |

## **WARRANT FOR ARREST OF PROPERTY**

TO:  ANY OFFICER OR EMPLOYEE OF THE UNITED STATES

WHEREAS a Complaint for Forfeiture In Rem has been filed in this Court on the 7th day of February, 2018, by Josh J. Minkler, United States Attorney for the Southern District of Indiana, against Four Money Orders Totaling $10,000 ("defendant property"), defendants herein, for reasons and causes set forth in the Complaint;

YOU ARE HEREBY COMMANDED to take custody of and to deliver the defendant property into the possession of the United States Marshals for the Southern District of Indiana, to be detained in the possession of the United States Marshals Service until further order of this Court, and you will make return thereon not later than ten (10) days after execution of process.

Dated: _____                    _____
                                          Laura A. Briggs, Clerk
                                          United States District Court
                                          Southern District of Indiana

Arrest Warrant to be issued by the Clerk pursuant to
Rule G(3)(b)(i) of the Supplemental Rules for
Admiralty or Maritime Claims and Asset Forfeiture Actions,
for property in custody of the United States.